IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTORIA LEE GIESSING, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | CASE NO. 4:26-cv-02273 |
| | ) | |
| LYFT, INC. | ) | |
| *Defendant.* | ) | |

## INDEX OF DOCUMENTS – EXHIBIT "A" TO NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 81.1(a), Defendant Lyft, Inc.

files this Index of Documents as Exhibit "A" to its Notice of Removal. Attached is a copy

of each document filed in the state court action styled *Victoria Lee Giessing v. Lyft, Inc.*; In

the 295th Judicial District Court, Harris County, Texas.

| EXHIBIT # | DESCRIPTION | DATE FILED |
|:---:|:---:|:---:|
| A | Plaintiff's Original Petition | 02/12/26 |
| B | Issued Citation to Lyft, Inc. | 02/25/26 |
| C | Defendant Lyft, Inc.'s Original Answer | 03/16/26 |
| D | Defendant Lyft, Inc.'s First Amended Answer | 03/20/26 |
| E | Case Docket Sheet | 03/20/26 |

Respectfully submitted,

_____
Bryan D. Pollard
State Bar No. 00795592
bryan.pollard@pierferd.com
Telephone: (214) 984-7153
PIERSON FERDINAND
5995 Summerside Dr., Unit #794257
Dallas, Texas 75379
Facsimile: (214) 279-7192

ATTORNEYS FOR DEFENDANT LYFT, INC.


## CERTIFICATE OF SERVICE

On March 20, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by the Federal Rules of Civil Procedure.

_____
Bryan D. Pollard

# EXHIBIT 1

2/12/2026 4:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 111204074
By: Adiliani Solis
Filed: 2/12/2026 4:13 PM

## CAUSE NO. _____

| | | |
|---|---|---|
| **VICTORIA LEE GIESSING,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **LYFT, INC.,** | § | |
| | § | |
| *Defendant* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE DISTRICT COURT JUDGE:

Plaintiff VICTORIA LEE GIESSING complains of Defendant LYFT, INC. and in support would show the Court the following:

### I. DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

### II. PARTIES AND SERVICE

2.     Plaintiff is a resident of Harris County, Texas.

3.     Defendant LYFT, INC., is a Delawre corporation that may be served with process by serving its registered agent, CT Corporation System, 1999 B Bryan Street, Suite 900, Dallas, Texas 75201.

### III. JURISDICTION

4.     The amount in controversy is within the jurisdictional limits of this Court. In addition, the incident in question occurred in Montgomery County, Texas.  Thus, jurisdiction in this Court is proper. The facts supporting jurisdiction are further presented in Paragraph VII of this Petition, which is incorporated herein.

### IV. VENUE

5.     The incident giving rise to Plaintiff's injuries occurred in Harris County, Texas. Thus, venue

is proper in this county. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1), et seq. The facts supporting venue are further discussed and presented in Paragraph VII of this Petition, which is incorporated herein.

### V. MISNOMER/ALTER EGO

6.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### VI. REQUEST PURSUANT TO RULE 28

7.     To the extent that Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff demands that, upon answer to this petition, Defendant answer in its correct legal and assumed names.

### VII. FACTS

8.     This lawsuit arises from Defendant Lyft, Inc.'s violations of the Texas Deceptive Trade Practices Act (DTPA), Texas Business & Commerce Code Sec. 17.41, et seq., arising from an assault and battery occurring in Harris County, Texas. At all relevant times, Plaintiff Victoria Lee Giessing was in individual consumer who sought and acquired transportation services through purchase from Lyft, Inc. Tex. Bus. & Com. C. Sec. 17.45(d). *Dewayne Rogers Logging, Inc. v. Propac Indus.,* 299 S.W.3d 374, 386 (Tex. App. – Tyler 2009, pet. denied). The DTPA defines "services" as work, labor, or service purchased for use. Tex. Bus. & Com. C. Sec. 17.45(2). Services must involve some form of action, conduct or performance that further an end or purpose. *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174.

9.     In the present case, the services provided by Defendant Lyft, Inc. are commonly referred to

as "Rideshare Services." On the day of the incident in question, these Rideshare Services were available to Plaintiff via the Lyft Platform and part of the "Lyft Services" provided by Defendant to consumers, including Plaintiff.

10.     Ridesharing matches consumers, like Plaintiff, to a driver, like Ammad (last name unknown). The Lyft Platform is the means services are provided.

11.     On December 14, 2024, Plaintiff was the victim of an assault and battery caused by the Lyft driver, Ammad, arising from a rideshare pickup procured through the Lyft Platform at Heights Social in Houston, Texas.  Plaintiff sustained injuries multiple serious bodily injuries as a result of the assault by the Lyft driver.

12.     At all relevant times, Defendant maintained a website with a safety page. At all relevant times, Defendant's website was published for and directed to consumers like Plaintiff. Defendant's URL page proclaims: "We're committed to being the safest way to get around."[1]

13.     However, Defendant knowingly and intentionally publishes such false and materially misleading statements to the public for monetary gain. Specifically, Defendant's actions and omissions violated Tex. Bus. & Com. Code Sec. 17.46(a), which subjects "false, misleading, or deceptive acts or practices in the conduct of any trade or commerce" to suit under Tex. Bus. & Com. C. Sec. 17.50(a)(1).

14.     At all times, Defendant engaged in false, misleading, and deceptive acts or practices that Plaintiff relied on to her detriment. Specifically, Defendant's website (that is marketed, maintained, and available for mass publication/advertising and consumer consumption) identifies safety measures including high safety standards and proactive safety support. However, Defendant's Terms of Service, as of the date of filing this lawsuit, at Paragraph 12 expressly disclaims the quality or safety of the transportation.

**We have no control over the quality or safety of the transportation that occurs as a result of the Rideshare Services.**

15.    Defendant's website is expressly holding out that it is "[c]omitted to getting you there safely, every time," reassuring its customers of safety measures like driver background checks and real-time ride monitoring. But in reality, Defendant knowingly and intentionally makes willful misrepresentations that materially differ from the actual consumer relationship Defendant has with its riders, including Plaintiff. In other words, Defendant is holding out to the public that it has an interest in protecting public safety, but in relating Defendant buries within its terms of service a disclaimer that is directly in conflict with the same.

16.    In committing the foregoing acts and omissions, Defendant is willfully misrepresenting that its services (including of rideshare services, Lyft Services, and the Lyft Platform) has characteristics, benefits, or qualities it does not have. Tex. Bus. & Com. C. Sec. 17.46(b)(5); *2 Fat Guys Inv. v. Klaver,* 928 S.W.2d 268, 271-72 (Tex. App. – San Antonio 1996, no writ) (service station represented that oil had been changed properly when it had not).

17.    Defendant is advertising services with the intent not to sell them as advertised. Tex. Bus. & Com. C. Sec. 17.46(b)(9); *Innovative Office System v. Johnson,* 906 S.W.2d 940, 947 (Tex. App. – Tyler 1995) (Defendant advertised new copy system at trade show with intent not to sell components of system as demonstrated or advertised).

18.    Because of Defendant's DTPA violations, Plaintiff suffered personal injuries and incurred economic and non-economic damages. Specifically, Plaintiff suffered personal injuries when she was assaulted by Defendant's driver after being dropped off at her destination. After Plaintiff exited the vehicle, Ammad yelled at her for "slamming" the door, threw her telephone across the street, lifted Plaintiff off the ground and slammed her body onto the pavement, then fled the scene after

---

[1] www.lyft.com/safety

realizing that 911 had been called.

19.     Defendant knowingly committed these DTPA violations such that Plaintiff is entitled to treble economic damages and treble mental anguish damages. Under the DTPA, Plaintiff is also entitled to recover attorney's fees and litigation expenses.

20.     Despite having actual knowledge that Defendant publishes on its safety page that it is "[c]omitted to getting you there safely, every time," the fact is that Defendant knowingly makes such false misrepresentations for monetary gain. In fact, buries within Lyft's terms of service is an acknowledgement that Defendant claims to have "no control over the quality or safety of the transportation that occurs as a result of the Rideshare Services."

21.     These acts or omissions, whether intentional or negligent, were a producing cause in inducing Plaintiff to download the Lyft Platform and engage Defendant's services – ultimately causing Plaintiff's injuries and damages.

## VIII. VIOLATIONS OF TEXAS DTPA

22.     Plaintiff is a consumer under the Texas DTPA because Plaintiff is an individual who sought goods and/or services through the Lyft Website and/or Lyft Platform for purchase. Plaintiff downloaded the Lyft Platform onto her mobile phone to obtain Lyft Services. At all relevant times, Plaintiff was induced to engage the Lyft Platform and Lyft Services because of Defendant's express representations and professed commitment to being "the safest way to get around."

23.     At all relevant times, Defendant engaged in a premeditated unconscionable action or course of action by means of any act or practice to Plaintiff's detriment. Specifically, Defendant took advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree by materially misrepresenting and advertising that Defendant would look out for Plaintiff's safety, when, in fact, Defendant knew that it would disclaim any safety as to Plaintiff and consumers

generally.

24.    Defendant violated the DTPA by knowingly making false or misleading statements about the Lyft Platform and/or Lyft services relating to Lyft's trade and/or commerce.

25.    Defendant violated the DTPA by knowingly making false or misleading statements of fact about the Lyft Platform and/or Lyft Services and by publishing such material misrepresentations to the masses, including the Plaintiff, to induce consumers to download the Lyft Platform and engage Lyft's Services.



26.     Despite advertising to Plaintiff and the public at large that Defendant looks out for rider safety, the fact is that Defendant then disclaims any quality or safety of the transportation that occurs as a result of the Rideshare Services procured through the Lyft Platform and Lyft Services.

27.      By committing the foregoing acts and omissions, Defendant is willfully misrepresenting that its services (inclusive of rideshare services, Lyft Services, and the Lyft Platform) has characteristics, benefits, or qualities it does not have. Further, Defendant is advertising services with the intent not to Shalonda them as advertised.

28.     Defendant violated the DTPA by representing that the Lyft Platform and/or Lyft Services have characteristics which they do not have. Sec. 17.46(b)(5).

29.     Defendant violated the DTPA by representing that the Lyft Platform and/or Lyft Services are of a particular standard, quality, or grade. Sec. 17.46(b)(7).

30.     Defendant violated the DTPA by advertising the Lyft Platform and/or Lyft Services with intent not to sell them as advertised. Sec. 17.46(b)(9).

31.     Defendant violated the DTPA by failing to disclose information concerning the Lyft Platform and/or Lyft Services which was known at the time of the transaction and such failure to disclose such information was intended to induce Plaintiff into the transaction into which the Plaintiff would not have entered has the information been disclosed. Sec. 17.46(b)(24).

32.     Defendant further violated the DTPA by unconscionable action or course of actions as defined by Sec. 17.45(5).

33.     Defendant further violated the DTPA through other actions and omissions.

34.     Plaintiff gave Defendant notice as required by Texas Business & Commerce Code Sec. 17.505. Defendant's wrongful conduct was the producing cause of Plaintiff's injury, which resulted in personal injuries and damages. Defendant acted knowingly which entitles Plaintiff to recover treble economic and non-economic damages under the Texas Business & Commerce Code Sec.

17.50. Plaintiff is further entitled to interest, costs, expert fees, and attorneys' fees.

## IX. NEGLIGENCE AND GROSS NEGLIGENCE

35.     Texas law imposes duties on Defendant to exercise ordinary care, that is that the degree of care that an individual and/or business of ordinary or reasonable prudence would use under the same or similar circumstances. Plaintiff sustained injuries because of Defendant's negligence and gross negligence in failing to provide safe Lyft Services as advertised on its website and/or the Lyft Platform. Defendant's breaches proximately caused Plaintiff's injuries and damages.

36.     Defendant acted with gross negligence because of its material omissions and misrepresentations regarding the Lyft Services and Lyft Platform. As set forth herein, Defendant made material misrepresentations on its website and Lyft Platform relative to its safety features to induce Plaintiff, and other consumers, to use the Lyft Platform and Lyft Services for monetary gain. At the same time, Defendant knowingly attempts to disclaim the quality and safety of the services provided within its terms and conditions, burying it within terms and services in direct conflict with what Lyft actively publishes to consumers. Defendant's breaches proximately caused Plaintiff's injuries. Defendant acted with gross negligence because of its material omissions and misrepresentations regarding the Lyft Services and Lyft Platform.

37.     Defendant's acts and/or omissions set forth above constitute gross negligence under Section 41.001(11) of the Texas Civil Practice & Remedies Code, because when viewed objectively from the standpoint of the Defendant at the time of they were made, each act and/or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and Defendant had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. Defendant's gross negligence was a proximate cause of the incident made the basis of this lawsuit and Plaintiff's resulting injuries and damages.

## X. PROMISSORY ESTOPPEL

38. Defendant provided assurances to Plaintiff's detriment that Lyft was committed to "getting you there safely, every time" and "being the safest was to get around." Unfortunately, Defendant failed to deliver, causing personal injuries, harm and substantial damages to Plaintiff.

## XI. COMMON LAW FRAUD

39. Plaintiff sustained injuries and damages as a result of Defendant's fraud. Plaintiff relied on representations made by Defendant relating to conditions of the Lyft Platform and Lyft Services at all relevant times. The elements of a common law fraud claim are as follows: (1) the defendant made a representations to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant either (a) knew the representation was false or (b) made it recklessly; (5) the defendant made the representation with the expectation the plaintiff would rely on it, (6) the plaintiff relied on it, and (7) the representation caused injury.

## XII. NEGLIGENT MISREPRESENTATION

40. Defendant made negligent misrepresentations in the course of a transaction in which Defendant had a pecuniary interest.

41. Under Texas law, Defendant had the non-delegable duty of honesty and fair dealing concerning all consumers, including Plaintiff, relative to Defendant's trade or commerce. Despite this non-delegable duty, Defendant made material misrepresentations relative to its advertising of the safety provided to its riders, including Plaintiff. By operation of law, Defendant was to act as a force of good in conducting its trade or commerce, but failed to do so. At all relevant times, Defendant had actual knowledge of these material omissions. But for these material omissions, Plaintiff would not have suffered harm.

## XIII. JURY DEMAND

42.     Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code and Chapter 17 of the Texas Business & Commerce Code, Plaintiff seeks her reasonable and necessary attorney's fees, costs, and pre-judgment interest incurred in prosecuting this claim against Defendant.

## XIV. JURY DEMAND

43.     Plaintiff demands a jury trial and the jury fee is being paid herewith.

## X. PRAYER

44.     Plaintiff VICTORIA LEE GIESSING prays that Defendant LYFT, INC. be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

a.     Pain and suffering in the past;

b.     Pain and suffering in the future;

c.     Mental anguish in the past;

d.     Mental anguish in the future;

e.     Past medical expenses;

f.     Future medical expenses;

g.     Physical impairment in the past;

h.     Physical impairment in the future;

i.     Physical disfigurement in the past;

j.     Physical disfigurement in the future;

k.     Treble damages per the DTPA;

l.     Attorney's fees;

m.    Pre-judgment interest;

n.    Post-judgment interest; and

o.    Any other damages available under the law (statutory or common law).

45.    Herein, in accordance with Texas Rule of Civil Procedure 47, Plaintiff demands *monetary relief of more than $1,000,000,* for her damages that make the basis of this lawsuit.

Respectfully submitted,

THE LAW OFFICE OF NHAN NGUYEN


   */s/ Drew Shirley*
Nhan Nguyen
Texas Bar No. 24041589
Nhan@westlooplaw.com
Drew Shirley
Texas Bar No. 00797426
Drew@westlooplaw.com
2500 West Loop South, Suite 340
Houston, Texas 77027
Telephone:  713/840-7200
Telecopier:  713/583-4155
**\*E-Service Email: eservice@westlooplaw.com**
**\*E-Service is only accepted at the above designated**
**e-Service email address**
ATTORNEYS FOR PLAINTIFF

# EXHIBIT 2

2/25/2026 4:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 111720978
By: Joshua Herrington
Filed: 2/25/2026 4:00 PM

CAUSE NO. 202609751

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 1050654

TRACKING NO: 74611573 EML

| | |
|---|---|
| Plaintiff:<br>GIESSING, VICTORIA LEE<br>vs.<br>Defendant:<br>LYFT INC | In The 295th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:    LYFT INC (A DELAWARE CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 B BRYAN STREET SUITE 900, DALLAS TX 75201**



**AFFIDAVIT ATTACHED**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on February 12, 2026 in the above cited cause number and court. The instrument attached describes the claim against you.

        **YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

        This citation was issued on February 16, 2026, under my hand and seal of said court.

Issued at the request of:

SHIRLEY, JAMES A.
2500 WEST LOOP SOUTHM, SUITE 340

HOUSTON, TX  77027
713-840-7200
Bar Number: 00797426

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE    Houston   Texas
77002
(PO Box  4651,  Houston,  Texas
77210)

Generated By:ADILIANI SOLIS

# AFFIDAVIT ATTACHED

Tracking Number: 74611573 EML

CAUSE NUMBER: 202609751

| | |
|---|---|
| **PLAINTIFF: GIESSING, VICTORIA LEE** | In the 295th |
| **vs.** | Judicial District Court of |
| **DEFENDANT: LYFT INC** | Harris County, Texas |

### OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____ _____ in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____
By_____
        Affiant                                                Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
                                                        Notary Public

CAUSE NO. 2026-09751

| | | |
|---|---|---|
| VICTORIA LEE GIESSING | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | 295TH JUDICIAL DISTRICT |
| | § | |
| LYFT, INC. | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Kassandra Dugas** who, being by me duly sworn, deposed and said:

"The following came to hand on **February 16, 2026, 1:53 PM,**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION,**

and was executed at **1999 BRYAN STREET STE 900, DALLAS, TX 75201** within the county of **DALLAS** at **10:19 AM** on **February 18, 2026,** by delivering a true copy to the within named

**LYFT, INC.**
**BY AND THROUGH ITS REGISTERED AGENT, CT CORPORATION SYSTEM**
**BY PERSONALLY DELIVERING TO ITS DESIGNATED AGENT, ALEXSHONDRA WILLIS**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Kassandra Dugas
PSC-19004 Exp. 10/31/2026

BEFORE ME, a Notary Public, on this day personally appeared **Kassandra Dugas**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON FEBRUARY 19, 2026

Notary Public, State of Texas

SANIYA PARKER
Notary Public, State of Texas
Comm. Expires 11-04-2028
Notary ID 135156113

15224908

EXHIBIT 3

3/16/2026 10:41 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 112450006
By: Joshua Herrington
Filed: 3/16/2026 10:41 AM

CAUSE NO. 2026-09751

| | | |
|---|---|---|
| VICTORIA LEE GIESSING, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | 295TH JUDICIAL DISTRICT |
| | § | |
| LFYT, INC. | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## DEFENDANT LYFT, INC.'S ORIGINAL ANSWER

Defendant Lyft, Inc. ("Lyft") files its Original Answer.

### GENERAL DENIAL

Lyft generally denies all the material allegations contained in Plaintiff's active petition ("Plaintiff's Petition") including any supplements or amendments thereto, and demands strict proof thereof as permitted by Rule 92 of the Texas Rules of Civil Procedure.

### REQUEST FOR RELIEF

While specifically preserving its right to arbitration, Lyft requests that judgment be entered in its favor denying Plaintiff any relief, and awarding Lyft such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

_____

Bryan D. Pollard
State Bar No. 00795592
bryan.pollard@pierferd.com
Telephone: (214) 984-7153
Facsimile: (214) 279-7192
PIERSON FERDINAND LLP
5995 Summerside Drive, Unit #794257
Dallas, Texas 75379

**ATTORNEYS FOR DEFENDANT LYFT, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 16, 2026, a true and correct copy of this document was served in accordance with the Texas Rules of Civil Procedure.

_____

Bryan D. Pollard

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 112450006
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant Lyft, Inc.'s Original Answer
Status as of 3/16/2026 11:11 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nhan Nguyen | | eservice@westlooplaw.com | 3/16/2026 10:41:13 AM | SENT |
| Drew Shirley | | Drew@westlooplaw.com | 3/16/2026 10:41:13 AM | SENT |
| Nhan Nguyen | | Nhan@westlooplaw.com | 3/16/2026 10:41:13 AM | SENT |
| Deidra Cobb | | deidra.cobb@pierferd.com | 3/16/2026 10:41:13 AM | SENT |
| Bryan Pollard | | bryan.pollard@pierferd.com | 3/16/2026 10:41:13 AM | SENT |

# EXHIBIT 4

3/20/2026 3:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 112689379
By: Joshua Herrington
Filed: 3/20/2026 3:13 PM

CAUSE NO. 2026-09751

| | | |
|---|---|---|
| VICTORIA LEE GIESSING, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | 295TH JUDICIAL DISTRICT |
| | § | |
| LFYT, INC. | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## DEFENDANT LYFT, INC.'S FIRST AMENDED ANSWER

Defendant Lyft, Inc. ("Lyft") files its Original Answer.

### GENERAL DENIAL

1.      Lyft generally denies all the material allegations contained in Plaintiff's active petition ("Plaintiff's Petition") including any supplements or amendments thereto, and demands strict proof thereof as permitted by Rule 92 of the Texas Rules of Civil Procedure.

### OTHER DEFENSES AND ASSERTIONS

2.      Lyft specifically denies it hired, controlled, or employed Ammad.  At the time of the incident, Ammad was an independent contractor who used the Lyft application, website and technology platform (collectively, the "platform") to connect with other platform users looking for a ride pursuant to Lyft's Terms of Service.  *See* TEX. OCC. CODE § 2402.114.

3.      Lyft also specifically denies Plaintiff's direct negligence claims because Ammad was an independent contractor at the time of the subject accident and, as a matter

of Texas statutory law, Lyft is not deemed to "control" him/her. TEX. OCC. CODE § 2402.114; TEX. INS. CODE § 1954.102.

4.      The acts alleged in Plaintiff's Petition and each purported cause of action therein were caused by the alleged criminal or intentional acts of Ammad, over whom Lyft had no control, and Plaintiff is therefore barred and precluded from any recovery against Lyft.

5.      Lyft invokes and reserves the right to assert any and all rights and defenses as provided in Lyft's Terms of Service, to which Plaintiff consented in order to use the Lyft platform. Such rights include, but are not limited to, the right to compel arbitration of Plaintiff's claims against Lyft in accordance with the Federal Arbitration Act.

6.      Plaintiff agreed that "Lyft is not responsible for the conduct, whether online or offline, of any User of the Lyft Platform or Rideshare Services" when she agreed to Lyft's Terms of Service. Plaintiff also agreed that "[b]y using the Lyft Platform and participating in the Rideshare Services…to accept such risks and agree that Lyft is not responsible for the acts or omissions of Users on the Lyft Platform or participating in the Rideshare Services" when she agreed to Lyft's Terms of Service.

7.      Plaintiff's claims for personal injuries, bodily injuries, or for the infliction of mental anguish are not actionable under the DTPA. TEX. BUS. & COM. CODE § 17.49(e); *Last v. Quail Valley Country Club, L.P.*, No. 01-08-00759-CV, 2010 Tex. App. LEXIS 2303 (Tex. App.—Houston [1st Dist.], Mar. 25, 2010, pet. denied).

8.      Plaintiff complains of statements that do not rise above the level of puffing and are not actionable under the DTPA, common law fraud, or negligent misrepresentation.

9.      Defendant is not liable to plaintiff because plaintiff agreed, when she agreed to Lyft's Terms of Service, that "[t]he Lyft Platform is provided on an 'as is' basis and without any warranty or condition, express, implied, or statutory," which bars plaintiff's claim as a matter of law.

10.     Lyft affirmatively pleads Chapter 33 of the Texas Civil Practice & Remedies Code.  If Lyft is found to be liable in this case, although Lyft specifically denies any such liability, then Lyft requests that the trier of fact determine the percentage of responsibility, to the extent, each defendant, each settling person, or each responsible third party is found responsible and/or liable for the  injuries or occurrence asserted by Plaintiff in this suit, pursuant to Section 33.003 of the Texas Civil Practice & Remedies Code.

11.     Though Lyft denies liability, should the trier of fact determine that Lyft is a liable defendant, then Lyft  would be liable only for the percentage of damages found by the trier of fact equal to Lyft's percentage of responsibility with respect to the damages allowed, pursuant to Section 33.013 of the Texas Civil Practice & Remedies Code. Lyft also reserves the right to receive a reduction in the sum of all damages by the sum of all the dollar amounts of all settlements, pursuant to Section 33.012(b) of the Texas Civil Practices and Remedies Code or any other applicable statute or common law.

12.     No act or omission of Lyft was a factor, whether substantial or otherwise, in causing the incident or injury alleged in the Plaintiff's Petition, if any.  Additionally,

no act and/or omission of Lyft contributed, in any manner, to the incident or injury alleged in the Plaintiff's Petition, if any.  Finally, any alleged acts and/or omissions on the part of Lyft were superseded by the acts and/or omissions of other persons or entities, which acts and omissions were the independent, superseding and intervening cause of the incident and injury described in the Plaintiff's Petition.

13.    Pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code, recovery of medical expenses is limited to the amount actually paid or incurred by or on behalf of the claimant.  Plaintiff should not be allowed to submit any medical bills in excess of the "actually paid or incurred" amounts.

14.    Lyft invokes all limitations on exemplary or punitive damages and prejudgment interest including those stated in Chapter 41 of the Texas Civil Practice & Remedies Code, the Texas Constitution, the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.  Plaintiff may not be awarded exemplary damages unless they establish by clear and convincing evidence that Lyft acted with fraud, malice, or gross negligence, which Lyft denies. TEX. CIV. PRAC. & REM. CODE § 41.003.  Lyft further requests that, to the extent this matter is not arbitrated,  the jury be instructed as required by Texas Civil Practice & Remedies Code § 41.012 with respect to any claim for exemplary damages, assuming such a claim should be submitted to the jury, which Lyft denies, and that prejudgment interest may not be assessed or recovered on any award of punitive damages. TEX. CIV. PRAC. & REM. CODE §§ 41.003 (d) and (e), and 41.007.  In the unlikely event it is found liable for exemplary damages, Lyft invokes the damages cap found in Chapter 41 of the Texas Civil Practice and Remedies Code.

15.     Lyft further asserts that the calculation of post-judgment interest is governed by Section 304.003(c) of the Texas Finance Code.

16.     Further, Lyft asserts that pre-judgment interest is disallowed on future damages, pursuant to Section 304.1045 of the Texas Finance Code.

17.     Lyft presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unknown, affirmative defenses. Accordingly, Lyft reserves the right herein to assert additional affirmative defenses in the event discovery indicates same would be appropriate.

### REQUEST FOR RELIEF

While specifically preserving its right to arbitration, Lyft requests that judgment be entered in its favor denying Plaintiff any relief, and awarding Lyft such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

Bryan D. Pollard
State Bar No. 00795592
bryan.pollard@pierferd.com
Telephone: (214) 984-7153
Facsimile: (214) 279-7192
PIERSON FERDINAND LLP
5995 Summerside Drive, Unit #794257
Dallas, Texas 75379

**ATTORNEYS FOR DEFENDANT LYFT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that, on March 20, 2026, a true and correct copy of this document was served in accordance with the Texas Rules of Civil Procedure.

_____

Bryan D. Pollard

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 112689379
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant Lyft, Inc.'s First Amended Answer
Status as of 3/20/2026 3:15 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bryan Pollard | | bryan.pollard@pierferd.com | 3/20/2026 3:13:19 PM | SENT |
| Deidra Cobb | | deidra.cobb@pierferd.com | 3/20/2026 3:13:19 PM | SENT |
| Nhan Nguyen | | Nhan@westlooplaw.com | 3/20/2026 3:13:19 PM | SENT |
| Drew Shirley | | Drew@westlooplaw.com | 3/20/2026 3:13:19 PM | SENT |
| Nhan Nguyen | | eservice@westlooplaw.com | 3/20/2026 3:13:19 PM | SENT |

# EXHIBIT 5

**HCDistrictclerk.com**        GIESSING, VICTORIA LEE vs. LYFT INC                           3/20/2026
                    Cause: 202609751        CDI: 7        Court: 295

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| **File Date** | 2/12/2026 |
| **Case (Cause) Location** | |
| **Case (Cause) Status** | Active - Civil |
| **Case (Cause) Type** | PERSONAL INJ (NON-AUTO) |
| **Next/Last Setting Date** | N/A |
| **Jury Fee Paid Date** | 2/12/2026 |

### CURRENT PRESIDING JUDGE

| | |
|---|---|
| **Court** | 295th |
| **Address** | 201 CAROLINE (Floor: 14) HOUSTON, TX 77002 Phone:8329271375 |
| **JudgeName** | DONNA ROTH |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| GIESSING, VICTORIA LEE | PLAINTIFF - CIVIL | | NGUYEN, NHAN HUYNH |
| LYFT INC | DEFENDANT - CIVIL | | POLLARD, BRYAN D. |

C/O ITS REGISTERED AGENT, DALLAS, TX 75201

LYFT INC (A DELAWARE CORPORATION) MAY BE   REGISTERED AGENT
SERVED BY SERVING ITS

1999 B BRYAN STREET SUITE 900, DALLAS, TX 75201

**INACTIVE PARTIES**

No inactive parties found.

**JUDGMENT/EVENTS**

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 3/20/2026 | FIRST AMENDED ANSWER ORIGINAL PETITION | | | 0 | | POLLARD, BRYAN D. | LYFT INC |
| 3/16/2026 | ANSWER ORIGINAL PETITION | | | 0 | | POLLARD, BRYAN D. | LYFT INC |
| 2/12/2026 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 2/12/2026 | ORIGINAL PETITION | | | 0 | | NGUYEN, NHAN HUYNH | GIESSING, VICTORIA LEE |

**SERVICES**

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION CORPORATE | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | LYFT INC (A DELAWARE CORPORATION) MAY BE SERVED BY SERVING ITS | 2/12/2026 | 2/16/2026 | 2/18/2026 | | | 74611573 | E-MAIL |

1999 B BRYAN STREET SUITE 900 DALLAS TX 75201

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 125727031 | Defendant Lyft, Inc.'s First Amended Answer | | 03/20/2026 | 7 |
| 125622239 | Defendant Lyft, Inc.'s Original Answer | | 03/16/2026 | 3 |
| 125322568 | Citation (Executed) - Lyft Inc | | 02/25/2026 | 3 |
| 125104278 | Plaintiff's Original Petition | | 02/12/2026 | 11 |